Colby R. Kanouse, Esq. (024601)
Colby@stoneroselaw.com
**STONE ROSE LAW FIRM, PLLC**
8010 E. McDowell Road, Suite 105
Scottsdale, Arizona 85257
Telephone:   (480) 498-8998
Facsimile:    (480) 546-5262
*Attorneys for Plaintiff*

# IN THE UNITED STATE DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Corona, a single man, | Case Number: 2:23-cv-01251-JAT--CDB |
| Plaintiff, | |
| vs. | **PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| Matt Hunter and Jane Doe Hunter, husband and wife; and Maricopa County, a political subdivision of the State of Arizona, | |
| Defendants. | |

COMES NOW, Plaintiff Fernando Corona, by and through counsel undersigned, as and for his complaint against Defendants Matt Hunter, Jane Doe Hunter, and Maricopa County, and alleges as follows:

## PARTIES, JURISDICTION & VENUE:

1. Plaintiff is a single man residing in the County of Maricopa, State of Arizona.

2. Defendants Matt Hunter and Jane Doe Hunter are husband and wife residing in the

1

County of Maricopa, State of Arizona. At all times material hereto Defendant Matt Hunter was acting in furtherance of the marital community composed of himself and Jane Doe Hunter.

3. At all times material hereto Defendant Matt Hunter was acting within the course and scope of his employment with Maricopa County, where he works as a Lieutenant with the Maricopa Cunty Sheriff's Office (hereinafter "MCSO"). Accordingly, to the extent Defendant Matt Hunter is found liable for any of the following state law claims, Maricopa County is also liable via a theory of respondeat superior.

4. Defendant Maricopa County is a political subdivision of the State of Arizona.

5. The matters complained of herein occurred in the County of Maricopa, State of Arizona.

6. This matter having been removed from the Maricopa County Superior Court based upon federal question jurisdiction, this Court has jurisdiction via 28 U.S.C. § 1331.

7. Plaintiff has complied with A.R.S. § 12-821.01 by serving the defendants named herein with a notice of claim as required by A.R.S. § 12-821.01.

8. Jurisdiction and venue are proper in this Honorable Court.

## GENERAL ALLEGATIONS

9. Plaintiff hereby repeats and re-alleges each of the allegations as if fully set forth herein. In addition, he alleges as follows:

10. On June 18, 2022, Plaintiff floated down the Salt River on a tube with some friends.

11. After completing his float Plaintiff was standing in line waiting to board a bus that would return he and his friends to their vehicles.

12. While waiting, a large fight broke out among other people waiting in line.

13. Plaintiff observed an adult woman begin to assault what appeared to be a teenage girl.

14. In order to protect the teenage girl from harm Plaintiff maneuvered his body between the teenager and the oncoming woman.

15. As a result of the altercation in the bus pick-up-zone on-duty MCSO deputies responded to the scene. One of the deputies who responded to the scene of the altercation was Defendant Lt. Matt Hunter.

16. At no point did Plaintiff engage in any physical fighting or even take a hostile stance towards anyone.

17. When he arrived on scene Defendant Matt Hunter approached Plaintiff's location, and without warning or cause struck Plaintiff on the leg with a collapsible baton.

18. Upon information and belief, the training provided by MCSO and Maricopa County to Defendant Matt Hunter in the areas of threat detection, de-escalation, threat neutralization and crowd control was inadequate given the duties he is expected to perform as a deputy sheriff.

19. Upon information and belief, Defendant Matt Hunter's actions were the result of a lack of proper training in the areas of threat detection, de-escalation, threat neutralization, and crowd control.

20. Upon information and belief, Defendant Maricopa County and MCSO have a custom or practice of failing to provide adequate training to deputy sheriffs in the areas of threat detection, de-escalation, threat neutralization and crowd control.

21. Upon information and belief, at all times material hereto Defendant Maricopa County and MCSO were aware that the custom or practice of failing to provide adequate training in the areas of threat detection, de-escalation, threat neutralization and crowd control would expose citizens to a significant and unjustifiable risk of physical and constitutional harm at the hands of armed officers tasked with responding to incidents such as the one described herein, yet persisted with the custom or practice of failing to train anyway.

22. As a direct and proximate result of Defendant Matt Hunter's unjustified and unreasonable conduct, Plaintiff suffered severe and painful injuries, including but not limited to three fractures in his leg.

### COUNT I: BATTERY

23. Plaintiff hereby repeats and re-alleges each of the allegations contained herein. In addition, he alleges as follows:

24. Defendant Matt Hunter intentionally touched Plaintiff in a harmful and offensive manner when he struck him in the leg with his baton.

25. Defendant Matt Hunter's striking of Plaintiff with a baton was unreasonable under the circumstances and unjustified.

26. As a direct and proximate result of Defendant Matt Hunter's actions, Plaintiff has suffered physical injuries and damages.

27. At all times material hereto, Defendant Matt Hunter acted with an evil hand

4

guided by an evil mind, and with a wanton disregard of Plaintiff's welfare and rights. Accordingly, upon a finding of liability for Count I an award of punitive damages is warranted.

### COUNT II: NEGLIGENCE

28. Plaintiff hereby repeats and re-alleges each allegation contained herein. In addition, he alleges as follows:

29. Defendant Matt Hunter had a duty to the public and to Plaintiff to use reasonable care in the execution of his duties, especially when deploying weapons issued to him for his use as a Lieutenant with the MCSO.

30. To the extent Defendant Matt Hunter acted unintentionally when he struck Plaintiff in the leg with his baton, Defendant Matt Hunter breached his duty of reasonable care owed to Plaintiff as a member of the public.

31. To the extent that Defendant Matt Hunter intentionally struck Plaintiff with his baton based upon a belief that he was a combatant in the fray he was responding to, Defendant Matt Hunter unreasonably assessed the situation then existing and negligently made the decision to strike Plaintiff.

32. As a direct and proximate result of Defendant Matt Hunter's unreasonable acts, Plaintiff has suffered damages.

### COUNT IV: EXCESSIVE FORCE PURSUANT TO 28 U.S.C. § 1983

33. Plaintiff hereby repeats and re-alleges each allegation contained herein. In addition, he alleges as follows:

34. At all times material hereto Defendant Matt Hunter was acting as a law enforcement

officer under the color of state law.

35. Upon information and belief, at no time during the events described herein was Plaintiff suspected of, or under investigation for, any criminal act.

36. The 4th Amendment to the United States Constitution guarantees citizens the right to be free from excessive and unreasonable force at the hands of law enforcement officers.

37. Defendant Matt Hunter unreasonably seized Plaintiff's person when he utilized an unreasonable level of force against Plaintiff by striking him with his baton.

38. Defendant Matt Hunter violated Plaintiff's 4th Amendment rights by using excessive and unreasonable force against him.

39. Plaintiff has suffered painful injuries and other damages as a direct and proximate result of Defendant Matt Hunter's unconstitutional conduct.

40. At all times material hereto, Defendant Matt Hunter acted with malicious or evil intent, or with a callous disregard of Plaintiff's federally protected rights. Accordingly, an award of punitive damages is justified upon a finding of liability for Count 4.

## COUNT IV: LOCAL GOVERNMENTAL LIABILITY PURSUANT TO 28 U.S.C. § 1983

41. Plaintiff hereby repeats and re-alleges each allegation contained herein. In addition, he alleges as follows:

42. Defendant Matt Hunter's excessive use of force against Plaintiff, which constituted a violation of his rights as guaranteed by the 4th Amendment to the United States Constitution, was the result of a policy, custom or practice of the MCSO, for which Maricopa County is liable.

43. Maricopa County, through MCSO, failed to adequately train Defendant Matt Hunter in the appropriate use of force.

44. Maricopa County's failure to train amounts to a deliberate indifference to the rights of persons with whom deputies, including Defendant Matt Hunter, come into contact during their official duties.

45. The inadequacy of the training provided to Defendant Matt Hunter caused the constitutional deprivation suffered by Plaintiff described herein.

46. As a result of Defendant Maricopa County's deliberate indifference towards the rights of Plaintiff and others, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages in an amount to be proven at trial;

2. For special damages in an amount to be proven at trial;

3. For punitive damages upon a finding of liability for Count I or III;

4. For his attorney's fees upon a finding of liability for Counts III or IV;

5. For his taxable costs;

6. For such other relief as this Court deems just and proper.

DATED this 21st day of September, 2023.

**STONE ROSE LAW FIRM, PLLC**

*/s/Colby R. Kanouse*
Colby R. Kanouse, Esq.
*Attorneys for Plaintiff*