KAB

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Corona, | No. CV-23-01251-PHX-JAT (CDB) |
| Plaintiff, | |
| v. | **ORDER** |
| Matt Hunter, et al., | |
| Defendants. | |

Plaintiff Fernando Corona, who is represented by counsel, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983 and Arizona state law. (Doc. 18.) Defendants move to dismiss the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Plaintiff opposes the Motion. (Docs. 19, 21.)[1]

**I.   Background**

In his First Amended Complaint, Plaintiff alleges as follows.

On June 18, 2022, Plaintiff was at the Salt River with friends and was waiting in line for a bus to take him to his vehicle when a large fight broke out among other people waiting in the line. (Doc. 18 at 2-3.) When Plaintiff observed an older woman begin to assault a teenager, Plaintiff maneuvered his body between the teenager and the oncoming woman. (*Id.* at 3.) Plaintiff was not engaged in fighting and did not assume a hostile

---

[1] Defendants' Motion to Dismiss Plaintiff's prior Complaint (Doc. 6) will be denied as moot because Plaintiff's First Amended Complaint supersedes the original Complaint, Defendants did not oppose the Motion to Amend, and Defendants did not incorporate any arguments from their prior Motion into their current Motion to Dismiss.

stance. (*Id.*) Defendant Maricopa County Sheriff's Office (MCSO) Lieutenant Hunter arrived on the scene, and, without warning, struck Plaintiff on the leg with a collapsible baton, resulting in Plaintiff's leg being fractured in three places. (*Id.*) Maricopa County's training policies regarding threat detection, de-escalation, threat neutralization and crowd control were inadequate. (*Id.*)

Plaintiff alleges four counts as a result of these facts: (1) battery against Defendant Hunter (Count One); (2) negligence against Defendant Hunter (Count Two); (3) excessive force against Defendant Hunter (Count Three)[2]; and (4) a *Monell* claim against Maricopa County (Count Four).

Defendants move to dismiss on the grounds that Plaintiff fails to state a claim upon which relief may be granted in Counts Three and Four, and Plaintiff's request for punitive damages should be dismissed.

**II.     Legal Standards**

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted). To survive a motion to dismiss, a complaint must state a claim that is "plausible

---

[2] This Count is erroneously labeled Count IV, but the Court will refer to it as Count Three throughout this Order.

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. Discussion

#### A. Excessive Force

Defendant Hunter first asserts a specious argument that the Fourth Amendment does not apply to Plaintiff's excessive force claim because "Plaintiff alleges a brief, split-second interaction where [MCSO Lieutenant] Hunter hit him with a baton in the leg while trying to quell a large fight," and therefore Plaintiff has not alleged a "seizure" under the Fourth Amendment. (Doc. 19 at 5.)

"[T]he *text* of the Fourth Amendment expressly guarantees the 'right of the people to be *secure* in their *persons*,' [the] earliest precedents recognize[] privacy as the 'essence' of the Amendment—not some penumbral emanation." *Torres v. Madrid*, 592 U.S. 306, 324 (2021) (citations omitted) (emphasis in original). "The word "seizure" readily bears the meaning of a laying on of hands or application of physical force to restrain movement, even when it is ultimately unsuccessful." *California v. Hodari D.*, 499 U.S. 621, 625-26 (1991). Indeed, "the application of physical force to the body of a person with intent to restrain is a seizure even if the person does not submit and is not subdued." *Torres*, 592 U.S. at 325.

It appears that Defendant argues that because he never subjectively intended to arrest Plaintiff, hitting him in the leg with a baton does not constitute a "seizure" under the Fourth Amendment. From an objective standpoint, hitting someone in the leg with a baton could not have any other intention than to "restrain" and Defendant's application of physical force on Plaintiff certainly inhibited Plaintiff's right to be secure in his person. This law is so well established that the Court feels obligated to remind counsel of her obligations under Rule 11 of the Federal Rules of Civil Procedure.

Accordingly, the Motion to Dismiss will be denied as to the excessive force

argument.

**B.**   *Monell*

Defendants argue that Plaintiff has not alleged enough facts to support a *Monell* claim and Plaintiff's facts do not show that the alleged failure to train amounted to deliberate indifference and that the failure to train was the result of a deliberate or conscious choice.

A municipality cannot be vicariously liable for the torts of its employees under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978). But a governmental entity may be directly liable under § 1983 if its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." *Id.* at 694. To state a claim based on a policy, practice, or custom of Maricopa County, Plaintiff must allege facts (1) that his constitutional rights were violated by an employee or employees of the Defendant; (2) that the Defendant has customs or policies that amount to deliberate indifference; and (3) that the policies or customs were the moving force behind the violation of Plaintiff's constitutional rights in the sense that the Defendant could have prevented the violation with an appropriate policy. *See Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1193-94 (9th Cir. 2002). "Policies of omission regarding the supervision of employees . . . can be policies or customs that create . . . liability . . . , but only if the omission reflects a deliberate or conscious choice to countenance the possibility of a constitutional violation." *Id.* at 1194 (quotations omitted).

A "decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). To support a *Monell* claim for failure to train under § 1983, a plaintiff must allege facts demonstrating that the local government's failure to train amounts to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Connick*, 563 U.S. at 61 (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

Deliberate indifference may be shown if there are facts to support that "in light of

the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers . . . can reasonably be said to have been deliberately indifferent to the need." *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002) (citing *Canton*, 489 U.S. at 390). While "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train" *Connick*, 563 U.S. at 62, a plaintiff may still prove a failure-to-train claim without showing a pattern of constitutional violations where a violation "may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1186 (9th Cir. 2006) (internal citation omitted). In such instances, "failing to train could be so patently obvious that [an entity] could be liable under § 1983 without proof of a pre-existing pattern of violations." *Connick*, 563 F.3d at 64. A plaintiff may prove the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded. *See Gillette v. Elmore*, 979 F.2d 1342, 1348 (9th Cir. 1992); *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001).

Here Plaintiff alleges,
> Defendant Matt Hunter's excessive use of force against Plaintiff, which constituted a violation of his rights as guaranteed by the 4th Amendment to the United States Constitution, was the result of a policy, custom or practice of the MCSO, for which Maricopa County is liable. . . . Maricopa County, through MCSO, failed to adequately train Defendant Matt Hunter in the appropriate use of force. . . . Maricopa County's failure to train amounts to a deliberate indifference to the rights of persons with whom deputies, including Defendant Matt Hunter, come into contact during their official duties. . . . The inadequacy of the training provided to Defendant Matt Hunter caused the constitutional deprivation suffered by Plaintiff described herein. . . . . As a result of Defendant Maricopa County's deliberate indifference towards the rights of Plaintiff and others, Plaintiff has suffered damages.

(Doc. 18 at 6-7.)

- 5 -

Plaintiff alleges no facts to support these conclusory allegations and threadbare recitals of a cause of action are insufficient to state a claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim upon which relief may be granted); *see also Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury.).

Accordingly, the *Monell* claim against the Maricopa County will be dismissed.

### C.   Punitive Damages

Defendant argues that Plaintiff is not entitled to punitive damages because he did not act with an "evil mind." A request for punitive damages is not a separate claim, but rather a request for a particular relief. Further, whether punitive damages are warranted is an issue reserved for the jury. *See Pacific Mut. Life Ins. Co. v. Haslip*, 111 U.S. 1, 16 (1991) (noting that, with respect to punitive damages, "[t]his has been always left to the discretion of the jury, as the degree of punishment to be thus inflicted must depend on the peculiar circumstances of each case" ) (quotation omitted); *Smith v. Wade*, 461 U.S. 30, 48, 54, 56 (1983) ("punitive damages are awarded in the jury's discretion"). A jury may assess punitive damages in a § 1983 action when a defendant's conduct "is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith*, 461 U.S. at 56.

In their Motion to Dismiss, Defendants argue that Hunter was not carrying out a "criminal investigation," but he nonetheless hit Plaintiff in the leg with a baton. Plaintiff alleges that he posed no threat and was not involved in the fighting. Under these circumstances, a reasonable jury could find that Hunter acted with callous indifference to Plaintiff's federally protected rights. Accordingly, Defendants' request to dismiss

Plaintiff's request for relief is denied.[3]

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motions to Dismiss (Docs. 6, 19).

(2) Defendants' Motion to Dismiss (Doc. 19) is **granted as to Count Four and is otherwise denied**.

(3) Plaintiff's *Monell* claim in Count Four is **dismissed without prejudice** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

(4) Defendant Maricopa County is **dismissed without prejudice**.

(5) The remaining claims in this action are 1) battery against Defendant Hunter (Count One); (2) negligence against Defendant Hunter (Count Two); and (3) excessive force against Defendant Hunter (Count Three).

(6) Defendants' Motion to Dismiss (Doc. 6) **is denied as moot**.

Dated this 13th day of December, 2023.

_____
James A. Teilborg
Senior United States District Judge

---

[3] Plaintiff may not seek punitive damages as to his state law claims. *See* Ariz. Rev. Stat. § 12-820.04 ("[n]either a public entity nor a public employee acting within the scope of his employment is liable for punitive or exemplary damages.").