WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Corona, | No. CV-23-01251-PHX-JAT (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| Matt Hunter, et al., | |
| Defendants. | |

On August 5, 2025, the Court issued an Order that included: "by August 18, 2025, the parties shall confer among themselves … and shall file a joint notice which includes: [] a statement of whether this case will be tried to a jury."  The parties' complete response to this portion of the Court's order was: "Plaintiff requests a trial to the bench; Defendant requests a jury trial."  (Doc. 84).  A "request" made years into a case is not how a jury demand is made/waived.

The Court's goal in calling for briefing was to determine whether to order a jury. The parties' ambiguous response failed to accomplish this goal.  Thus, the parties shall file another joint notice regarding whether this case will be tried to a jury that includes:

1. Whether Plaintiff made a jury demand (with citation to the record).

2. Whether Plaintiff's jury demand was timely.

3. Whether, if Plaintiff properly demanded a jury, Plaintiff is withdrawing that demand.

4. Whether Defendant Hunter demanded a jury (with citation to the record).

5. Whether Defendant Hunter's jury demand was timely.

6. Whether Defendant Hunter is relying on his own demand or another defendant's (or Plaintiff's) demand.

7. Assuming Defendant Hunter asserts that he has properly demanded a jury, whether Plaintiff contests the demand and why. If Plaintiff contests the demand, Defendant Hunter must brief why the demand is proper and should control.

8. Plaintiff's legal theory, if any, as to why this case should be a bench trial. Assuming Defendant Hunter opposes a bench trial, Defendant Hunter must brief why a bench trial is not available in this case.

9. The parties shall include in this brief any other arguments or objections that are relevant to whether this case will be tried to a jury.

Accordingly,

**IT IS ORDERED** that the parties shall file a joint brief addressing all of the foregoing by September 2, 2025.

**IT IS FURTHER ORDERED** that the joint brief must also discuss the status of Defendant Jane Doe Hunter including whether she was served (with citation to the record), and if not, explain why she should not be dismissed.

**IT IS FURTHER ORDERED** dismissing Defendants Unknown Parties named as Black Corporations I-V, White Partnerships I-V because Federal Rule of Civil Procedure 10 does not permit the use of fictitious parties.[1]

Dated this 21st day of August, 2025.

James A. Teilborg
Senior United States District Judge

---

[1] "Generally, the Federal Rules of Civil Procedure do not permit the use of Doe defendants." *Ivan v. Wells Fargo Bank, N.A.*, CV 12-1065-PHX-JAT, 2012 WL 3095050, at *2 (D. Ariz. July 30, 2012) (citing Fed. R. Civ. P. 10(a)); *see also Craig v. U.S.*, 413 F.2d 854, 856 (9th Cir. 1969); *see also Indian Hills Holdings, LLC v. Frye, No.* 3:20-cv-00461-BEN-AHG, 2021 WL 1139419, at *9 (S.D. Cal. Mar. 25, 2021) (noting that "[u]nlike California code pleading," the Federal Rules of Civil Procedure "neither authorize nor prohibit the use of fictitious parties; however, FRCP 10 does require a plaintiff to include the names of all parties in his complaint.").