**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Corona, | No. CV-23-01251-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Matt Hunter, | |
| Defendant. | |

On August 5, 2025, the Court ordered the parties to file a "statement of whether this case will be tried to a jury." (Doc. 81). The parties subsequently filed a joint notice stating: "Plaintiff requests a trial to the bench; Defendant requests a jury trial." (Doc. 84 at 1). Because the filing failed to clarify whether the Court should order a jury, the Court provided the parties a detailed list of information to discuss and again ordered them to file a joint notice regarding whether the case will be tried to a jury. (Doc. 85 at 1–2).

On September 10, 2025, the parties filed their second joint notice on this issue. (Doc. 93). The parties agree that (1) Plaintiff made a timely jury demand on July 7, 2023, (2) Defendant did not make a jury demand, and (3) Defendant relied on Plaintiff's jury demand. (Doc. 93 at 1, citing Doc. 3). Because Plaintiff made a proper jury demand, (Doc. 3), the Court interpreted Doc. 84—noting Plaintiff's request for a bench trial—as Plaintiff's attempt to withdraw his original jury trial demand. (Doc. 84 at 1).

But a party may not unilaterally withdraw from a proper jury trial demand. Instead, as the parties note, "a proper demand may be withdrawn only if the parties consent." *Solis*

*v. Cnty. of Los Angeles*, 514 F.3d 946, 955 (9th Cir. 2008) ("When a party properly files a jury demand under the requirements of Rule 38(b) . . . his jury demand "may not be withdrawn without the consent of the parties." (citing Fed. R. Civ. P. 38(d))); (Doc. 93 at 2). Because the parties' joint notice makes clear that "Defendant does not consent to a bench trial," (Doc. 93 at 2), Plaintiff concedes he is unable to withdraw his jury trial demand. Thus, this case must be tried to a jury "unless the parties of their attorneys file a stipulation to a nonjury trial or so stipulate on the record." Fed. R. Civ. P. 39(a)(1).

The purpose of this Order is to eliminate any remaining ambiguity regarding the jury trial issue, considering the parties' mixed, back-and-forth jury trial requests.

Accordingly,

**IT IS ORDERED** that this case shall be tried to a jury, unless at some later point the parties stipulate to a bench trial, as permitted by Rule 39(a)(1). *Id.*

Dated this 6th day of October, 2025.

James A. Teilborg
Senior United States District Judge