**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Corona,<br><br>            Plaintiff,<br><br>v.<br><br>Matt Hunter,<br><br>            Defendant. | No. CV-23-01251-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Allow the Defense to File Separate Pretrial Forms, which are due today. (Doc. 100; Doc. 92 (ordering that the parties file joint pretrial forms by October 27, 2025)). Defendant requested an expedited ruling, and Plaintiff has not filed a response as of today. The Court now rules.

On September 8, 2025, the Court issued an Order setting the Final Pretrial Conference and Trial. (Doc. 92). As stated above, the Court set the ***joint*** Proposed Final Pretrial Order deadline for today, October 27, 2025. (Doc. 92). On October 24, 2025, Defendant filed the pending Motion requesting that the Court grant permission to separately file Defendant's Proposed Final Pretrial Order, Description of the Case, Witness List, *Voir Dire* Questions, and Proposed Jury Instructions. (Doc. 100).

Pursuant to the Court's last Order, (Doc. 99), the parties met in person on October 17, 2025 to exchange exhibits to be used at trial. (Doc. 100 at 2). Defendant asserts that during that meeting, Plaintiff's counsel "was not prepared to compare all of the exhibits for duplicative purposes." (Doc. 100 at 2). Plaintiff's counsel's exhibits were marked with

letters instead of numbers, and some of the exhibits "were not previously disclosed, not Bates stamped, not redacted, or were in different formats than were originally disclosed." (Doc. 100 at 2). At the meeting, the parties agreed that by October 20 or 21, 2025, Plaintiff's counsel would "re-mark [Plaintiff's] exhibits in numerical format" and address an issue regarding a specific exhibit. (Doc. 100 at 2).[1] The defense also "shared physical drafts of the final pretrial [order] form, verdict form, jury instructions, and statement of the case" with Plaintiff, and "emailed Word versions of those documents for Plaintiff's [counsel] to provide input and fill in his sections." (Doc. 100 at 2). The parties agreed to meet virtually on October 21, 2025 to discuss the required joint forms in advance of the October 27, 2025 Final Pretrial Order deadline. (Doc. 100 at 2).

On October 20, 2025, Plaintiff's counsel informed the defense that "they needed more time to undertake all the tasks that were discussed on October 17, 2025" and suggested meeting on October 22, 23, or 24. (Doc. 100 at 3). Defense counsel responded on October 21 and provided the defense's availability, but Plaintiff's counsel never responded to reschedule the virtual meeting. (Doc. 100-2 at 4). The defense also emailed Plaintiff's counsel on October 23 "requesting input on the joint documents by 2:00 p.m. on Friday, October 24, 2025," but received no response. (Doc. 100-2 at 2).

The defense asserts that it has already expended significant time to draft the proposed joint forms and argues it "will be prejudiced and unable to timely file joint documents on October 27, 2025, if Plaintiff provides significant changes to the documents already prepared" so close to the deadline. (Doc. 100 at 3). The Court agrees. The Court understands that the defense has attempted to meet and confer with Plaintiff's counsel regarding the joint forms in an effort to meet the October 27, 2025 deadline. Given Plaintiff's counsel's failure to cooperate with the defense or provide any input regarding the defense's proposed joint documents, it seems clear the parties will not meet the October 27, 2025 deadline.

However, the Court is not satisfied with defense counsel's proposed solution to this

---

[1] As of October 24, 2025 (the date of Defendant's filing), Plaintiff's counsel failed to complete either task. (Doc. 100 at 3).

- 2 -

issue. Accordingly, Defendant's Motion requesting leave to file separate pretrial forms is denied.[2] To ensure the parties are able to complete and file *joint* pretrial forms pursuant to the Court's original order, (Doc. 92), the Court will extend the deadline to November 14, 2025. The Court has provided additional instructions, detailed below, to ensure the parties comply with this deadline. Although the Final Pretrial Order and other joint pretrial form deadline has been extended, the motion in limine deadline—as detailed in the Court's September 8, 2025 Order (Doc. 92)—will not be extended.

**WARNING:** Plaintiff's counsel has already demonstrated contempt for this Court's October 27, 2025 deadline and has failed to respond and cooperate with defense counsel. Plaintiff's counsel originally sought to avoid the Court's required in-person meeting to exchange exhibits for trial, (Doc. 92; Doc. 98), and then, once the Court confirmed the requirement, Plaintiff's counsel arrived unprepared to the Court-ordered October 17, 2025 meeting. He also failed to respond to defense counsel for nearly the entirety of this past week (no response between October 21–24). Plaintiff's counsel is cautioned that failure to strictly comply with the deadlines in this Order will subject Plaintiff to the risk of wholesale dismissal of his case. *See* Fed. R. Civ. P. 41(b).

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Allow the Defense to File Separate Pretrial Forms (Doc. 100) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall, considering the documents Defense counsel has already provided,[3] do the following by November 3, 2025: (1) draft the joint proposed final pretrial order, jury instructions, statement of the case, and proposed *voir dire* questions, by incorporating Plaintiff's information into Defendant's

---

[2] Before the Court filed this Order, Defendant, assuming that the Court would grant his request, filed his Proposed Pretrial Order (Doc. 101), Statement of the Case (Doc. 102), Proposed Jury Instructions (Docs. 103, 104), Proposed Verdict Form (Doc. 105), Proposed Voir Dire Questions (Doc. 106), and Witness List (Doc. 107). Because the Court is denying Plaintiff's request to file these documents separately, the Court will strike Documents 101–107 from the record.

[3] Defense counsel stated that he "shared physical drafts of the final pretrial [order] form, verdict form, jury instructions, and statement of the case" with Plaintiff, and also "emailed Word versions of those documents for Plaintiff's [counsel] to provide input and fill in his sections." (Doc. 100 at 2).

previously-drafted documents, and (2) deliver copies of those documents to defense counsel. If Plaintiff's counsel fails to comply with the November 3, 2025 deadline, defense counsel shall notify the Court of Plaintiff's noncompliance within 24 hours of the missed deadline.

**IT IS FURTHER ORDERED** that the parties shall meet in person, at a location of defense counsel's choice, by November 10, 2025 to: (1) discuss Plaintiff's counsel's drafted pretrial documents (discussed above), and (2) complete the exchange of exhibits to be used at trial. During this meeting, both parties should be prepared to discuss and resolve any drafting differences, including but not limited to: the proposed final pretrial order, jury instructions, statement of the case, proposed *voir dire* questions, and any objections to the parties' respective exhibits, all of which shall be in detailed and complete conformance with the Court Order setting the Final Pretrial Conference and Trial. (Doc. 92). Any reference in this Order to specific tasks outlined in the Order setting the Final Pretrial Conference and Trial, (Doc. 92), is not intended to modify or limit that Order; indeed, the parties remain fully bound by all requirements set forth in Doc. 92, regardless of whether they are specifically referenced herein. The parties shall also ensure all their exhibits are marked, numbered, and non-duplicative during the meeting on or before November 10, 2025.

**IT IS FURTHER ORDERED** that the parties shall file the following documents by November 14, 2025: a **joint** Proposed Final Pretrial Order, a **stipulated-to** description of the case to be read to the jury, a **joint** master list of the name of every witness who may be called at trial, a **joint separate** pleading a proposed set of *voir dire* questions, a **joint separate** filing with proposed jury instructions, and a **separate** form of verdict to be given to the jury at the end of the trial.

/ / /
/ / /
/ / /
/ / /

1    **IT IS FURTHER ORDERED** that Defendant's separately filed Proposed Pretrial
2 Order (Doc. 101), Statement of the Case (Doc. 102), Proposed Jury Instructions (Docs.
3 103, 104), Proposed Verdict Form (Doc. 105), Proposed Voir Dire Questions (Doc. 106),
4 and Witness List (Doc. 107) are stricken.

Dated this 27th day of October, 2025.

_____
James A. Teilborg
Senior United States District Judge