**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Corona,<br><br>        Plaintiff,<br><br>v.<br><br>Matthew Hunter,<br><br>        Defendant. | No. CV-23-01251-PHX-JAT<br><br>**ORDER** |

After Plaintiff Fernando Corona rested on the third day of trial, Defendant Matthew Hunter orally moved for judgment as a matter of law ("JMOL") pursuant to Federal Rule of Civil Procedure 50(a) ("Rule 50(a)"). The Court took the motion under advisement and Defendant presented his case. After resting, and before the matter was submitted to the jury, Defendant orally "renewed" his Rule 50(a) motion, and the Court again took the motion under advisement. The Court now rules on Defendant's original and "renewed" motions for JMOL.[1] (Docs. 150, 155).

### I. BACKGROUND

On June 18, 2022, Plaintiff floated the Salt River with his friends. While Plaintiff and his friends waited in line for a bus that would return them to their cars, one group of people perceived what they believed to be another group "cutting in line." An individual

---

[1] The Court notes that Defendant merely re-raised his pending Rule 50(a) motion at the close of his case, informing the Court that he wanted to incorporate the previous Rule 50(a) motion by reference and "add a couple of things" for the Court's consideration. Because both Rule 50 arguments took place before the case was submitted to the jury, Defendant did not "renew" the JMOL motion in the way that is contemplated by Rule 50(b).

verbally confronted the group that allegedly cut the line, and this verbal confrontation progressed into a physical fight. Many people in line, including Plaintiff, became involved in the fight. Personnel from the Maricopa County Sheriff's Office responded to the scene, including Defendant Matthew Hunter.

Plaintiff's knee was injured during the fight. Plaintiff sued, alleging that Defendant struck Plaintiff in the knee with his baton and was thus liable for battery and negligence. Plaintiff further claimed that Defendant's actions constituted excessive force in violation of 42 U.S.C. § 1983. Defendant Hunter moved for summary judgment, arguing that the only material fact before the Court was "whether [Defendant] Hunter hit Plaintiff with a baton, thereby causing Plaintiff's knee or leg injury." (Doc. 79 at 9). The Court denied Defendant's Motion, concluding that the evidence presented a genuine dispute of material fact regarding whether Defendant struck Plaintiff's knee with his baton. (Doc. 79 at 9).

The matter proceeded to trial. At the close of both Plaintiff's and Defendant's respective cases, Defendant moved for JMOL under Rule 50(a). Both times, the Court took the motion under advisement and the matter was submitted to the jury, which returned a full defense verdict. The Court now rules on Defendant's pending Rule 50(a) motions.

## II. LEGAL STANDARD

Rule 50(a) permits the court to grant judgment as a matter of law if a party has been fully heard on an issue and the court finds that "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue[.]" Fed. R. Civ. P. 50(a). Where, as here, "the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b).

The Rule 50 standard is the same as the standard for granting a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–52 (1986). Thus, when considering a Rule 50 motion, the court must view the evidence in the light most favorable to the nonmoving party, "draw all reasonable inferences in that party's favor, and it may not make creditability determinations or weigh the evidence." *Reeves v. Sanderson*

*Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

### III. DISCUSSION

Because the Court took Defendant's "renewed" Rule 50(a) under advisement, the Court effectively "submitted the action to the jury" and must now "decid[e] the legal questions raised by the motion." Fed. R. Civ. P. 50(b); *see also Craten v. Foster Poultry Farms Inc.*, No. CV-15-02587-PHX-DLR, 2018 WL 4492287 (D. Ariz. Sept. 19, 2018) (taking the parties' Rule 50(a) arguments under advisement and ruling on the motion after the jury returned its verdict).

Defendant argued he was entitled to JMOL because there was insufficient evidence of (1) causation to support Plaintiff's negligence and § 1983 claims, (2) intent to support Plaintiff's battery claim, and (3) unreasonable force to support Plaintiff's § 1983 claim. The Court addresses each argument in turn.

#### a. Causation re: § 1983 and Negligence Claims

Defendant argues that Plaintiff's § 1983 and negligence claims fail as a matter of law because Plaintiff failed to produce evidence of causation, an essential element of each claim. (Doc. 152 at 125). Specifically, Defendant asserts that "medical causation requires an expert witness," and that Plaintiff's claims could not go to the jury without expert testimony establishing that his knee injury was caused by a baton strike from the June 18, 2022 incident. (Doc. 152 at 125).

But courts in this Circuit have held that "in the context of an excessive force claim under § 1983," "a medical expert to establish causation as to the injuries [suffered] is not required." *Jarrett v. Ryan*, No. CV-17-01589-PHX-JAT (CDB), 2019 WL 2076045, at *7 (D. Ariz. May 10, 2019); *see also Seals v. Mitchell*, No. CV-04-3764-NJV, 2011 WL 1399245, at *12 (N.D. Cal. Apr. 13, 2011) ("Plaintiff is correct that he is not required to present a medical expert to establish his § 1983 excessive force case."). And although expert testimony is generally required to establish causation in a *medical* negligence action under Arizona law, *Sampson v. Surgery Ctr. of Peoria*, 491 P.3d 1115, 1119 (Ariz. 2021), the same is not true for ordinary negligence cases. Because Plaintiff does not bring a

1  medical negligence action, the general requirement for a medical expert to establish
2  causation in those cases is inapplicable here.

3  "Causation is generally a question of fact for the jury unless reasonable persons
4  could not conclude that a plaintiff had proved this element." *Petolicchio v. Santa Cruz*
5  *County Fair & Rodeo Ass'n, Inc.*, 866 P.2d 1342, 1348 (Ariz. 1994). A plaintiff may prove
6  proximate causation by presenting facts from which a causal relationship may be inferred,
7  but the plaintiff cannot leave causation to the jury's speculation. *Robertson v. Sixpence*
8  *Inns of Am., Inc.*, 789 P.2d 1040, 1047 (Ariz. 1990).

9  There was sufficient evidence for the jury to find that Defendant caused Plaintiff's
10 injury. Indeed, the jury heard testimony from a deputy who claimed that he saw Defendant
11 strike Plaintiff's knee with his baton. And while the defense identified an alternative cause
12 for Plaintiff's injury—arguing that Plaintiff fell on his knee during the fight—the question
13 of which theory to credit is reserved for the jury.

14 Accordingly, Defendant's motion for judgment as a matter of law on causation as
15 to Plaintiff's § 1983 and negligence claims is denied.

16 **b.  Evidence of Intent re: Battery Claim**

17 Defendant also argues that Plaintiff failed to present sufficient evidence of intent to
18 submit his battery claim to the jury. Defendant began his argument on this point by stating:
19 "The only evidence that Lieutenant Hunter struck Mr. Corona with a baton came from Mr.
20 Gonzalez; however, no one else saw that happen." (Doc. 152 at 125–26).

21 Defendant's Rule 50(a) argument explicitly concedes that evidence existed to
22 support the element of intent. Questions regarding the credibility of that evidence is for the
23 jury to decide, not this Court.

24 **c.  Evidence of Unreasonable Force re: § 1983 Claim**

25 Defendant argues he was entitled to JMOL on the § 1983 claim because Plaintiff
26 presented no evidence that Defendant "used unreasonable force or actually any force on
27 [Plaintiff] under the circumstances." (Doc. 152 at 128).  Defendant alleged that "the only
28 evidence" on this point is "circumspect and hearsay" and there "is no direct evidence other

than Mr. Gonzalez," who Defendant claims is unreliable. (Doc. 152 at 128).

Defendant essentially asks this Court to engage in credibility determinations that are reserved for the jury. As noted, the jury heard testimony from an eyewitness that Defendant used force against Plaintiff. It was up to the jury to evaluate all of the evidence presented to determine whether Defendant did in fact strike Plaintiff, and, secondarily, whether this use of force was excessive given the circumstances. Based on the evidence, a reasonable jury could have concluded that the level of force alleged in this case was greater than necessary to subdue Plaintiff and break up the fight.

### IV.   CONCLUSION

Accordingly,

Defendant's Oral Motions for Judgment as a Matter of Law pursuant to Rule 50(a) (Docs. 150, 155) are **DENIED**.

Dated this 19th day of February, 2026.

James A. Teilborg
Senior United States District Judge